IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| ANGELA AUSTIN, § | CASE NO. _____ |
| § | JURY |
| Plaintiff, § |  |
| § |  |
| vs. § |  |
| § |  |
| LTD FINANCIAL SERVICES, L.P., § |  |
| § |  |
| Defendant. § |  |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff ANGELA AUSTIN brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA"), and other Texas common law rights of action to obtain statutory damages, injunctive relief, declaratory relief, exemplary damages, and other relief for the Defendant's violations. Plaintiff alleges as follows.

### PARTIES

1. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

2. Defendant, LTD Financial Services, L.P. ("LTD") is, upon information and belief, a Texas company engaged in the business of collecting consumer debts in the Eastern District of Texas. At all times relevant to this lawsuit, a principal purpose of LTD's business was the collection of consumer debt. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Defendant is also a "third-party debt collector" as defined

by Tex. Finance Code § 392.001(7). LTD's principal office is located at 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074-2053 and Defendant may be served with process by serving their registered agent, Leonard J. Pruzansky, at 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and the doctrine of pendent jurisdiction for the TDCA claims and Texas common-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief Defendant transacts business in the State and in the District because it has contracted with residents of the district through its purchase of the contracts or debts of the residents of the district; (iii) upon information and belief, Defendant further transacts business in the State and in the District because it is attempting to collect debts in the State and District; (iv) upon information and belief, Defendant has committed illegal acts in the District by attempting to collect debts in violation of both Federal and State Laws, and, (v) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

5. Defendant attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported consumer obligation. The purported obligation ("Debt") had originated as a credit card agreement with a national bank and required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Defendant claims in its

August 03, 2010, collection letter to be collecting the debt on behalf of Chase Bank USA. *See Ex. A*.

6. Defendant is a "debt collector" as defined by 15 USC 1692a(6).

7. Defendant is a "debt collector" and "third-party debt collector" as defined by Texas Finance Code 392.001.

8. The August 3, 2010, letter sent by Defendant to Plaintiff was the first communication to Plaintiff.

9. Even though the August 3, 2010, letter was the first communication with the debtor, it failed to include the disclosures required by 15 USC 1692(g). *See Ex. A*.

10. Though Plaintiff did not take the Defendant up on the offer of settlement at that time, she did start a dialog with them and eventually reached a settlement agreement. The parties agreed in either late summer or early fall of 2010 to resolve the debt for a total payment of $1,000.00 by Plaintiff. Plaintiff was to begin making payments at a rate of $50.00 a month, and pay the balance when she received her income tax refund. It was further discussed that if Plaintiff obtained additional funds then she could pay off whatever remaining balance of the $1,000.00 at that time.

11. Plaintiff obtained additional funds near the end of 2010 and tried to exercise the settlement agreement. Upon contacting the Defendant, she was informed it would now cost her a total of a little more than $1,100.00 to resolve the debt. Plaintiff was further advised that the other agreement "was just a verbal agreement and not in writing." Plaintiff was also told that if she did not tender the new funds demanded then "the deal was off and I would owe more than $7,000.00."

12.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief for Violations of the FDCPA

13.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

   a. In violation of 15 U.S.C. § 1692d, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt.

   b. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt, including the allegations in paragraphs 10 and 11 above, and incorporated herein by reference.

   c. In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included the allegations in paragraph 10 and 11 above, and incorporated herein by reference.

   d. In violation of 15 U.S.C. § 1692g, the Defendant failed to provided the required notices concerning disputing the debt or requesting verification of the debt in the initial communication with the Plaintiff.

14.     Under 15 USC § 1692k, the Defendant's violations of the FDCPA render it liable to Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

### SECOND CLAIM FOR RELIEF VIOLATIONS OF THE TDCA

15.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

   a.     In violation of Tex. Fin. Code § 392.302(1), Defendant used language intended to abuse unreasonably the Plaintiff, by verbally renegotiating a previous oral agreement and threatening to seek over $6,000.00 more than agreed unless Plaintiff would pay more than 10% above what was originally agreed.

    b.    In violation of Tex. Fin. Code § 392.301(a)(8), Defendant threatened to take an action prohibited by law.

    c.    In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character, extent and amount of a consumer debt.

    d.    In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

16.    Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF FOR UNREASONABLE COLLECTION EFFORTS

17.    In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiff for its unreasonable collection efforts. The Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts. *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App.—Waco 1962, writ ref'd n.r.e). Defendant's collection efforts were unreasonable and wrongful. Defendant's unreasonable collection efforts proximately caused the Plaintiff to suffer injury, including, but not necessarily limited to, humiliation and mental anguish.

### EXEMPLARY DAMAGES

18.    Exemplary damages should be awarded against Defendant because the harm with respect to which the Plaintiff seeks recovery of exemplary damages resulted from gross negligence (which means that the Defendant's acts and/or omissions (i) when viewed objectively from the Defendant's standpoint at the time of the acts and/or omissions involved an extreme degree of

risk, considering the probability and magnitude of potential harm to others and (ii) were such that the Defendant had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY DEMAND

19. Plaintiff requests a trial by jury against Defendant on all issues triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein, and upon final trial of this cause, the Court issue judgment that Plaintiff have and recover against Defendant:

   a) actual damages;
   b) exemplary damages;
   c) pre-judgment and post-judgment interest at the highest legal rate;
   d) legally-available reasonable and necessary attorneys' fees;
   e) costs; and
   f) all other relief, general and special, legal and equitable, to which Plaintiff is entitled.

Respectfully submitted,

By: ___/s/ Bonner C. Walsh
     Jeffrey L. Weinstein
     State Bar No. 21096450
     Bonner C. Walsh
     State Bar No. 24051766

**WEINSTEIN LAW**
518 East Tyler Street
Athens, Texas 75751
(903) 677-5333
(903) 677-3657 – facsimile

**ATTORNEYS FOR PLAINTIFF**